UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNER TORREZ-ANDINO,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER, ET AL,<br>Respondents. | No. 1:26-cv-04827-DAD-AC<br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br>(Doc. Nos. 1, 2) |

On June 23, 2026, petitioner proceeding with counsel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order ("TRO"). (Doc. No. 2). On August 13, 2026, the court set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

/////

Respondents filed their opposition on August 15, 2026, in which they concede that there are no material factual or legal differences between this case and the cases identified in the court's August 13, 2026 order. (Doc. No. 6 at 1.) Respondents also request that the court rule on the habeas petition in its entirety. (*Id.* at 2.)

Based on the submissions of the parties, the facts of this case are these. Petitioner is a native and citizen of Nicaragua. (Doc. No. 1 at ¶ 1.) Petitioner states in his habeas petition that he was paroled into the United States on or about November 18, 2022. (*Id.* at ¶ 16.) Petitioner was subsequently detained by ICE in Florida on April 18, 2026, and remains in ICE detention to this day. (*Id.* at ¶¶ 2–3.)

Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 6 at 1), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

In light of petitioner's previous release on parole into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his immigration re-detention absent notice and a hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits and order his immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Kenner Torrez-Andino, A-File No. 246-228-945, from respondents' custody on the same conditions he was subject to immediately prior to his April 18, 2026 immigration detention;

/////

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve the warden of the Mesa Verde Detention Center with a copy of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE